IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JERMAINE HARVEY,** | : | |
| Petitioner | : | |
| | : | No. 1:21-cv-02150 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN/SUPERINTENDENT** | : | |
| **OF USP CANAAN,** | : | |
| Respondent | : | |

## MEMORANDUM

This habeas corpus action has been brought under 28 U.S.C. § 2241 by pro se Petitioner Derrick Jermaine Harvey ("Petitioner"), who is a federal prisoner incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Canaan"). (Doc. No. 1.) He claims that his Hobbs Act Robbery conviction is not a crime of violence, as he did not possess a firearm, no threats were made, and no bodily harm occurred. (Id.) He requests documentation from the Court, which would show that his conviction is a non-violent crime, so that he can receive all of the benefits of graduating from the Residential Drug Abuse Program ("RDAP") at USP Canaan. (Id.) The Court has reviewed his petition, along with the Warden/Superintendent of USP Canaan ("Respondent")'s response. For the reasons set forth below, the Court will dismiss the instant petition.

I.  BACKGROUND

On March 4, 2020, Petitioner pleaded guilty in the United States District Court for the Eastern District of North Carolina to one count of "Hobbs Act Robbery and Aiding and Abetting" in violation of 18 U.S.C. §§ 2 and 1951(a). (Doc. No. 12-1 at 4, 8.) He was sentenced by United States District Judge Louise W. Flanagan ("Judge Flanagan") of the Eastern District of North Carolina to seventy-seven (77) months' imprisonment, followed by a term of three (3) years on supervised release. (Id. at 9, 10.)

On August 29, 2021, while Petitioner was serving his sentence at USP Canaan in Pennsylvania, he sent a handwritten letter to Judge Flanagan in North Carolina, requesting documentation which would show that his Hobbs Act Robbery conviction was a non-violent crime. (Doc. No. 1.) Petitioner explained to Judge Flanagan that this documentation would make him eligible to receive all of the benefits of graduating from RDAP. (Id.) On December 17, 2021, Judge Flanagan dismissed Petitioner's request, explaining that the Court could neither provide him with legal advice as to whether he is a violent offender, nor provide him with any other documentation that would address the merits of sentencing credit under RDAP. (Doc. No. 1-2 at 1.) Judge Flanagan did direct, however, the clerk to open a § 2241 habeas corpus action, using Petitioner's handwritten letter. (Id. at 1-2.)

Shortly thereafter, on December 22, 2021, Chief United States District Judge Richard E. Myers II from the Eastern District of North Carolina transferred Petitioner's habeas corpus action to the Middle District of Pennsylvania, noting that Petitioner was incarcerated at USP Canaan at the time he filed his letter and thus determining that the Middle District of Pennsylvania was the appropriate venue. (Doc. No. 2.) After receiving the transfer order, and following some initial administrative matters (Doc. Nos. 4-9), this Court issued an Order on March 4, 2022, deeming the § 2241 petition filed and directing Respondent to file an answer, motion, or other response to the allegations of the petition. (Doc. No. 10.)

On March 23, 2022, Respondent filed his response to the petition, raising several grounds upon which he argues that the Court should dismiss the petition. (Doc. No. 12.) As reflected by the Court's docket, Petitioner has not responded to any of those grounds, and the time period for doing so has elapsed. Thus, the instant petition is ripe for the Court's disposition.

## II.     DISCUSSION

There are two (2) federal statutes, 28 U.S.C. § 2241 and 28 U.S.C. § 2255, that confer federal jurisdiction over habeas corpus petitions filed by federal prisoners.  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012).  28 U.S.C. § 2255 confers habeas "jurisdiction over 'challenges [to] the validity of the petitioner's sentence[,]'" see id. (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)), whereas 28 U.S.C. § 2241 confers habeas jurisdiction over challenges not to the validity, but to "the execution of" the petitioner's sentence, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (citations omitted).  While "the precise meaning of 'execution of the sentence' is hazy[,]" see Woodall, 432 F.3d at 242, the United States Court of Appeals for the Third Circuit has defined this phrase to mean "put into effect" or "carry out[,]" see id. at 243 (citation and internal quotation marks omitted).

As a result, under 28 U.S.C. § 2241, a federal prisoner may challenge conduct undertaken by the United States Bureau of Prisons ("BOP") that affects the duration of the prisoner's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under § 2241 where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence).  A federal inmate may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment."  See, e.g., Cardona, 681 F.3d at 536-37 (providing that a federal inmate's petition is actionable under § 2241 where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").

Here, Petitioner has brought this habeas corpus action under 28 U.S.C. § 2241, requesting documentation from the Court which would show that his Hobbs Act Robbery conviction is not a

3

crime of violence and would thus make him eligible for the full benefits of graduating from RDAP at USP Canaan. (Doc. No. 1.) In Chambers v. Warden Lewisburg USP, 852 F. App'x 648 (3d Cir. 2021) (unpublished), the United States Court of Appeals for the Third Circuit considered whether a habeas corpus petitioner was permitted to challenge an RDAP placement decision in a petition brought under 28 U.S.C. § 2241.[1] See id. at 649-50. The Court of Appeals ultimately concluded that the district court had properly rejected the petitioner's challenge to the RDAP placement decision on jurisdictional grounds. See id. at 650. More specifically, the Court of Appeals stated as follows:

> [T]he District Court properly rejected on jurisdictional grounds [petitioner's] request for placement in an RDAP. A challenge to the execution of one's sentence, under § 2241, requires allegations that the BOP's conduct is inconsistent with a command or recommendation in the judgment. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). While the criminal judgment here included a recommendation that [petitioner] obtain intensive drug treatment while incarcerated, it did not recommend that he participate in a specific program, and there is no evidence in the record indicating that the BOP has blocked [petitioner] from receiving treatment.

See id. (footnote omitted). The Court of Appeals further noted that:

> Even assuming, arguendo, that there were some discrepancy between the sentencing court's recommendation and the BOP's conduct, no habeas claim would arise. Cf. Cardona, 681 F.3d at 537 n.7. Entry into the RDAP would not guarantee less time served for [petitioner], so his claim that he is being denied entry to the program improperly is not cognizable under § 2241. See Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir. 2002).

See id. at 650 n.2.

Applying these principles here, the Court finds that Petitioner has not challenged any BOP conduct that is allegedly affecting the duration of his custody, nor has he challenged any BOP conduct that is allegedly conflicting with his sentencing judgment. Rather, Petitioner is

---

[1] The Court could not locate a precedential opinion from the Third Circuit that has squarely addressed the issue presently before this Court.

4

merely seeking documentation from the Court, which would show that his Hobbs Act Robbery conviction is not a crime of violence. At best, his petition—when construed in the most liberal fashion—seeks eligibility for a prison term reduction if and when he were to complete RDAP at USP Canaan. (Doc. No. 1 at 1 (alleging that he is "now in the RDAP Drug Treatment Program").) But, even when his petition is construed in such a fashion, the Court still finds that his request for habeas relief fails.

By way of background, Congress has charged the BOP with "the management and regulation of all Federal penal and correctional institutions[.]" See 18 U.S.C. § 4042(a)(1). Under 18 U.S.C. § 3621, the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." See id. at § 3621(b). The BOP is also required to "provide residential substance abuse treatment (and make arrangements for appropriate aftercare)" for "eligible prisoners." See id. at § 3621(e).

As an incentive for successful completion of a residential substance abuse treatment program, the BOP "**may**" reduce the sentence of a prisoner, who was convicted of a non-violent offense, by up to one year. See id. § 3621(e)(2)(B) (emphasis added); 28 C.F.R. § 550.55(a)(2). In other words, such a sentence reduction is entirely within the BOP's discretion. See, e.g., Lopez v. Davis, 531 U.S. 230, 241 (2001) (stating that "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] . . . has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"); Dababneh v. Warden Loretto FCI, 792 F. App'x 149, 151 (3d Cir. 2019) (concluding that "a prisoner has no protectable liberty interest in participating in the RDAP, or, for that matter, early release following completion of that program" (citations omitted)); Chambers, 852 F. App'x at 650

(stating that "the BOP has discretion to determine which prisoners are eligible to participate in an RDAP" (citing 18 U.S.C. § 3621(e)(5)(B)).

Thus, even if Petitioner had successfully completed RDAP at USP Canaan—which he does not allege—his completion of this program would not guarantee a reduction in his sentence. See, e.g., Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (stating that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011) (stating that "[a] prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP . . . " (citation and internal citation omitted)); Dababneh, 792 F. App'x at 151 (explaining that "a prisoner has no protectable liberty interest in participating in the RDAP, or, for that matter, early release following completion of that program" (citations omitted)).

Finally, the Court would be remiss if it did not discuss the line of case law that has seemingly evolved from Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011), an opinion issued by the Ninth Circuit Court of Appeals, which considered whether the district court had subject matter jurisdiction to review a federal prisoner's 28 U.S.C. § 2241 petition challenging the BOP's decision to expel him from RDAP. See id. at 1225-26. In that petition, the prisoner sought both readmission into the program and a one year sentence reduction upon successful completion of the program. See id. at 1226. On appeal, the Government argued that the district court lacked jurisdiction to review the BOP's decision to expel the petitioner from RDAP. See id. In support, the Government alleged that 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act, "precludes judicial review of individualized RDAP

6

determinations made pursuant to 18 U.S.C. § 3621[.]"  See id.  The Ninth Circuit agreed with the Government's argument.  See id. at 1226-27.

The Ninth Circuit explained that, generally speaking, the Administrative Procedure Act "provides a cause of action for persons suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, but withdraws that cause of action to the extent that the relevant statute precludes judicial review or the agency action is committed to agency discretion by law[.]"  See id. at 1226 (citation, and internal citation and quotation marks omitted).  The Ninth Circuit further explained that, in 18 U.S.C. § 3625, "Congress specified . . . that [t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621–3625]" which includes the BOP's discretionary decisions regarding RDAP.  See id. (quoting 18 U.S.C. § 3625) (alternations in original).  Against this statutory scheme, the Ninth Circuit concluded as follows:

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

See id. at 1227.

Accordingly, the Ninth Circuit "h[e]ld that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621[.]"  See id. at 1228 (recognizing, however, that "judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority . . ." (footnote omitted)).  Consequently, the Ninth Circuit vacated the

7

district court's judgment, which had invoked its jurisdiction to review the BOP's expulsion decision, and remanded the matter to the district court with instructions to dismiss the § 2241 habeas corpus petition for lack of jurisdiction. See id. at 1228-29.

Since Reeb, the Third Circuit has reached a similar conclusion—albeit in non-precedential opinions[2]—that district courts lack jurisdiction to entertain § 2241 habeas petitions challenging the BOP's individualized RDAP decisions. See, e.g., Chambers, 852 F. App'x at 650 (explaining, among other things, that "the Administrative Procedures Act prohibits judicial review of RDAP-placement decisions[,]" and thus concluding that the district court did not err in rejecting, on jurisdictional grounds, a § 2241 petitioner's request for placement in RDAP (citing, among others, Reeb, 636 F.3d at 1227)); Dababneh, 792 F. App'x at 151 (stating that "Congress has expressly foreclosed judicial review of the BOP's individual RDAP placement decisions" and, as a result, the district court "properly held that it was foreclosed from considering [a § 2241 petitioner's] challenge to the BOP's decision to expel him from [RDAP]" (citing, in part, to Reeb, 636 F.3d at 1227)).

District courts from the Middle District of Pennsylvania have followed this Third Circuit case law, and/or Reeb, and have dismissed habeas corpus petitions filed pursuant to Section § 2241 where the petitioners are challenging a BOP decision regarding RDAP. See, e.g., Keitt v. Finley, No. 21-cv-1476, 2021 WL 5826196, at *2-*3 (M.D. Pa. Dec. 8, 2021) (relying on Chambers and concluding that the court lacked jurisdiction over a § 2241 habeas petition where the petitioner sought early release under Section 3621(e)(2)(B) upon completion of RDAP);

---

[2]  As noted above, the Court could not locate a precedential opinion from the Third Circuit that has squarely addressed the issue before the Court.

Alvey v. United States, No. 21-cv-639, 2021 WL 2454159, at *2-3 (M.D. Pa. June 16, 2021) (agreeing with the reasoning in Chambers and concluding that the court lacked jurisdiction over a habeas petition brought pursuant to § 2241 where the petitioner challenged the BOP's RDAP decision); Bermudez v. Warden, FCI Allenwood-Low, No. 17-cv-00519, 2017 WL 2473294, at *3 (M.D. Pa. June 8, 2017) (citing Reeb and stating that the BOP has the authority to manage RDAP and, thus, any decision made by the BOP to grant or deny a sentence reduction for completion of RDAP is not reviewable by the court and therefore concluding that the court did not have jurisdiction to consider the § 2241 petitioner's challenge to his preclusion from RDAP).[3]

Thus, in applying the law as it currently stands, and for all of the reasons discussed above, the Court finds that Petitioner's request for documentation from the Court, which would show that his Hobbs Act Robbery conviction is a non-violent crime such that he would be eligible to receive the full benefits of graduating from RDAP, does not represent a cognizable request for relief under § 2241. The Court will, therefore, dismiss the instant petition for lack of jurisdiction.

**III.   CONCLUSION**

Accordingly, for the foregoing reasons, the Court will dismiss Petitioner's 28 U.S.C. § 2241 habeas corpus petition. An appropriate Order follows.

---

[3] But cf. Lopez v. Rios, 553 F. App'x 610, 610-11 (7th Cir. 2014) (concluding that "[t]he district court reached the right result, if by the wrong route. An APA action contesting a discretionary denial of early release after successful completion of drug treatment indeed is categorically barred by § 3625[.] But [petitioner] did not file an APA suit; he petitioned for habeas corpus under § 2241, appropriately against his custodian in the district of his custody[.] We have urged district courts to honor a prisoner's choice of claim and cautioned against converting collateral actions into other civil actions[.]"(internal citation and citations omitted)).